IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PERCY GANT, #896050,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2255-K |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action Petitioner was incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). He was recently released and is presently residing in Dallas, Texas. *See* Notice of Address change filed on February 14, 2007 in *Gant v. Dallas County Director, et al.*, 3:06cv2385-G (N.D. Tex., Dallas Div.).

Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Petitioner pled guilty to two charges of unlawful possession with intent to deliver heroin and cocaine in Dallas County, Texas, in Cause Nos. F99-50643 and F99-50642. (Petition (Pet.) at 2). Punishment was assessed at twenty-five years confinement in each case to run concurrently. (*Id.*). His convictions and sentences were affirmed on direct appeal. *Gant v. State*, Nos. 05-99-02063-CR and 05-99-02064-CR, (Tex. App. -- Dallas Mar. 12, 2001, no pet) (not selected for publication). Thereafter, Petitioner unsuccessfully sought state post-conviction relief. (*Id.* at 3). Petitioner also filed a prior federal habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the same convictions collaterally attacked in this case. The Court dismissed that petition as barred by the one-year limitation period. *See Gant v. Cockrell*, 3:02-cv-2418-G (N.D. Tex., Mar. 25, 2003), certificate of appealability denied, No. 03-10533 (5th Cir. Oct. 21, 2003).

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his convictions for possession with intent to deliver heroin and cocaine. He now argues that he is actually innocent of the crimes of which he was convicted. Specifically he alleges that counsel's failure to suppress evidence and to file a motion to quash the indictment amounted to ineffective assistance of counsel, and that such ineffective assistance rendered his pleas and plea bargain agreements involuntary.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that §

2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, as an initial inquiry the Court must determine if the present petition constitutes a successive application under § 2244(b)(3)(A).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). Section 2244(b)(2)(B)(i) and (ii) provide an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

The claims that Petitioner seeks to raise in this habeas action were presented in his first federal petition. *See Gant v. Cockrell*, 3:02cv2418-G (N.D. Tex., Dallas Div. March 4, 2003) (Findings, Conclusions and Recommendation at 2 ¶ II, noting that Petitioner raised 2 broad issues in multiple grounds, namely (1) his convictions were the result of evidence obtained during an unlawful search and seizure and an illegal arrest, and (2) he received ineffective assistance of counsel). Notwithstanding that Gant raises different grounds for relief in the present petition, the fact remains that it is a "second or successive" petition under the AEDPA. *United States v. Orozco-Ramirez*, 211 F.3d 862, 866-871 (5th Cir. 2000).[1]

---

[1] Although the first § 2254 petition was dismissed as time barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See Villanueva v. United States*, 346 F.3d 55, 61(2nd Cir. 2003) (addressing issue in the context of a § 2255 motion); *Donaldson v. United States*, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003) (same); *see also Anders v. Cockrell*, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 23rd day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.